FILED: 3/26/2019 5:53 PM
David Trantham
Denton County District Clerk
By: Shelley Mccutcheon, Deputy

CAUSE NO. 19-2813-431

| | | |
|---|---|---|
| NICODEMUS INVESTMENTS, LLC <br> D/B/A NORTHSTAR DRAGWAY <br>     Plaintiff, <br><br> v. <br><br> ASPEN AMERICAN INSURANCE <br> COMPANY AND DEBORAH <br> LLAGUNO <br>     Defendants. | § § § § § § § § § § § | IN THE DISTRICT COURT <br><br><br><br> ___ JUDICIAL DISTRICT <br><br><br><br> DENTON COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Nicodemus Investments, LLC d/b/a Northstar Dragway files this its Plaintiff's Original Petition and Request for Disclosure against Defendants Aspen American Insurance Company and Deborah Llaguno, and would show unto the Court and Jury as follows:

### I. PARTIES AND DISCOVERY LEVEL

1. Discovery is intended to be conducted under Level Three of TRCP 190.

2. Plaintiff is a Texas Limited Liability Company doing business as Northstar Dragway.

3. Defendant Aspen American Insurance Company ("Aspen") is a licensed insurance company authorized to engage in the business of insurance in the State of Texas and may be served through its registered agent for service, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

4. Defendant Deborah Llaguno is a licensed insurance adjuster in the State of Texas who may be served with process at 1333 Butterfield Road, Suite 500, Aurora, IL 60502-8715.

5. In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - PAGE 1 OF 13.



herein. Plaintiff relies upon Rule 28 of the Texas Rules of Civil Procedure ("TRCP") to properly identify the corporate or other entities which are defendants herein.

## II. JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter because the amount in controversy is within the jurisdictional limits of the Court. The insured property is in Denton County, Texas and all or a substantial portion of the events or omissions giving rise to the claims asserted herein occurred in Denton County, Texas. Therefore, venue of this case is proper in Denton County pursuant to Tex. Civ. Prac. & Rem. Code §§ 15.002 and 15.032.

## III. RULE 47 DAMAGE ALLEGATIONS

7. Pursuant to the provisions of TRCP 47, Plaintiff alleges that the damages sought by the Plaintiff are within the jurisdictional limits of the Court. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

8. Pursuant to TRCP 48, Plaintiff elects to plead in the alternative.

## IV. AGENCY AND RESPONDEAT SUPERIOR

9. Whenever in this petition it is alleged that Defendant Aspen did any act or thing, it is meant that Defendants or its agents, officers, servants, employees, or representatives did such act or thing, and further, that it was done with the full authorization or ratification of defendant or done in the normal routine, course and scope of the agency or employment of defendant or its agents, officers, servants, employees, or representatives.

## V. CONDITIONS PRECEDENT

10. All conditions precedent necessary to maintain this action have been performed, have occurred, have been waived, or could not be timely accomplished prior to filing of suit. This suit was filed within two years of discovery of the acts complained of herein.

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - PAGE 2 OF 13.**

## VI. **REQUEST FOR DISCLOSURE**

11. Pursuant to Rule 194 TRCP, each Defendant is requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2.

## VII. **BACKGROUND FACTS**

12. Plaintiff owns the commercial property located at 3236 Memory Lane, Denton, Texas 76207 ("Property"). Plaintiff purchased insurance policy number IMZ114916 from Aspen that insured the Property with a policy period of April 26, 2016 to April 26, 2017 (the "Policy"). The Policy provides coverage to the Property for direct physical loss of or damage to the Property. All premium payments required to be paid for the Policy were paid and the Policy was in full force and effect without lapse during the applicable policy period.

13. Following a wind and hail storm occurring on March 26, 2017 at or near the Property, Plaintiff reported a claim to Aspen for wind and hail-related roof and building damage to the Property. Aspen assigned York Risk Services Group adjuster Deborah Llaguno to investigate the Claim. Defendant Llaguno hired the engineering firm J.S. Held Engineering Services ("JS Held") to determine the extent of damage to the Property caused by wind and hail and wind. JS Held inspected the property on or about April 3, 2017 and concluded that while damages were present at the property, none of the identified damages were related to a 2016 loss. The 2016 claim was then denied on JS Held's conclusions.

14. Thereafter, Plaintiff hired Texas licensed public insurance adjuster Jett McKay to assist with the adjustment of the Claim. Mr. McKay hired Peter De la Mora, P.E. of PE Service to inspect the property and provide an opinion on the cause and extent of damage. Engineer Peter De la Mora inspected the property on September 21, 2017 and identified hail damage to metal siding panels in the press building, wind damage to roof framing, metal roof and medal siding of the

concession, office, and storage buildings, hail damage to exterior light covers, hail and wind damage to the shingle roof of bathrooms building, wind damage to signs and hail dents on exterior light metal canopies. Mr. De la Mora also analyzed relevant consultant reports and weather records as part of his investigation, In his report, Mr. De la Mora concluded the following: (i) hail damage to metal siding panels in the press building; (ii) wind damage to roof framing, metal roof and medal siding of the concession, office, and storage buildings; (iii) hail damage to exterior light covers; (iv) hail and wind damage to the shingle roof of bathrooms building; and (v) wind damage to signs and hail dents on exterior light metal canopies. He concluded that the damage resulted from the March 26, 2017 storm. Additionally, Mr. McKay researched relevant weather data and concluded the damages resulted from wind and hail from a storm occurring on March 26, 2017. A copy of the PE Service Report was provided to Defendant Llaguno with a request for reconsideration of the Claim.

15. Instead of paying the Claim or offering a compromise, Defendant Llaguno again requested JS Held to inspect the property in light of the conclusions of Mr. De la Mora. JS Held confirmed wind and hail damage to the Property including: (i) denting to the metal roof, wall, and trim panels due to an accumulation of impacts from hail for past hail events; and (ii) the metal panel roofing was not dimpled as a result of hail-related impacts. As expected, JS Held's conclusions remain unchanged. Consequently, the Claim remained denied.

16. Plaintiff cooperated with Aspen and Defendant Llaguno during the investigation of the Claim by responding to inquiries and making the Property available for inspections as required and otherwise complying with its duties under the Policy. Despite evidence of more extensive damage to the roof and other areas of the building, Aspen and Llaguno failed to fully and properly

pay the Claim. The wrongful denial by Aspen and Llaguno has necessitating the filing of this petition.

## VIII. PLAINTIFF'S CAUSES OF ACTION AGAINST ASPEN

### A. Breach of Contract

17.     Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action. All prerequisites to the filing of this suit and recovery of damages have been met by the Plaintiff.

18.     Plaintiff would show that the Policy was in full force and effect upon discovery of the physical loss or damage. The Policy provides coverage for direct physical loss or damage to the (covered) Property and does not limit or exclude the loss or damage caused by the event at issue in the present matter. Accordingly, the loss in question is a covered cause of loss involving direct physical loss or damage to the Property.

19.     Plaintiff timely submitted a claim to Aspen for payment of the claim in accordance with the terms of the Policy. Aspen has refused and failed to pay pursuant to the terms of the Policy, and by failing to do so, has breached the Policy.

### B. Common Law Causes of Action

20.     Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action. By its acts, omissions, failures and conduct, Aspen breached the common law duty of good faith and fair dealing by delaying and denying Plaintiff's claim without a reasonable basis and by failing to conduct a reasonable investigation with respect to the insurance claim. Aspen also breached its duty by unreasonably delaying payment of Plaintiff's claim and failing to settle Plaintiff's entire claim when it knew or should have known that it was

reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Aspen are a proximate cause of Plaintiff's damages.

## C. Unfair Claims Settlement Practices Act Violations

21. Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing this cause of action against Aspen.

22. By its acts, omissions, failures and conduct, Aspen has engaged in unfair methods of competition and unfair or deceptive acts or practices in the business of insurance in violation of Sections 541.051, 541.052, 541.060 and 541.061 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition as well as Defendant Aspen's unreasonable delays in the investigation, adjustment and resolution of the Claim and its failure to pay for the proper repair of the Property after liability had become reasonably clear.

23. Specifically, Aspen engaged in unfair insurance practices in the following respects:

    a. Aspen engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (1) of the Texas Insurance Code by misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

    b. Aspen engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (2) of the Texas Insurance Code by failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

    c. Aspen engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (3) of the Texas Insurance Code by failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurers denial of a claim or for the offer of a compromise settlement of a claim;

      d.    Aspen engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (4) of the Texas Insurance Code by failing within a reasonable time to affirm or deny coverage of a claim to a policyholder; or submit a reservation of rights to a policyholder; and

      e.    Aspen engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (7) of the Texas Insurance Code, by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

24. All of the above-described acts, omissions and failures of Aspen were a producing and proximate cause of Plaintiff's damages. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the Texas Insurance Code.

### D. Deceptive Trade Practices Act Violations

25. Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action against Aspen under the provisions of the Deceptive Trade Practices - Consumer Protection Act ("DTPA"). Plaintiff has met all conditions precedent to bringing this cause of action against Aspen.

26. Plaintiff cooperated with Aspen's investigation of the claim by responding to inquiries and making the Property available for inspection by representatives or experts retained by Defendant. However, Aspen failed to properly investigate the Claim and has refused and failed to pay Plaintiff's claim for physical loss or damage due to a covered cause of loss, despite evidence the Claim constituted a covered loss involving additional damages not acknowledged by the Defendant.

27. By its acts, omissions, failures and conduct that are described in this petition, Aspen violated the DTPA. Specifically, Aspen violated the DTPA in the following respects:

    a.    Aspen represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

    b.    Aspen represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

    c.    Aspen represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

    d.    Aspen represented that it would pay to repair the physical loss or damage caused by a covered cause of loss and then not doing so, violated Sections 17.46 (b)(5), (7) and (12) of the DTPA;

    e.    Aspen engaged in an unconscionable action in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(1) and (3); and

    f.    Aspens' conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

28.    All of the above-described acts, omissions and failures of Aspen were a producing cause of Plaintiff's damages. Plaintiff seeks damages for such conduct as described in this petition. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the DTPA.

### E. Violation of Prompt Payment of Claims Act

29.    Plaintiff would show that Aspen violated the Prompt Payment of Claims Act, Section 542.051, Subchapter B of the Texas Insurance Code, by failing to properly and timely investigate Plaintiff's claim and by failing to pay Plaintiff's claim. Likewise, Defendant's failure to pay Plaintiff's claim constitutes an automatic violation of Section 542.058 which provides:

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - PAGE 8 OF 13.**

> *"Except as otherwise provided, if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060."*

30. Aspen's wrongful rejection of the claim necessarily means it failed to pay within 60 days automatically violating Section 542.058. Accordingly, Plaintiff is entitled to the relief set forth in Section 542.060 of the act, including attorney's fees.

## IX. CLAIMS AGAINST DEFENDANT DEBORAH LLAGUNO

### A. Texas Insurance Code Violations

31. Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant Llaguno.

32. Defendant's conduct, as outlined above, demonstrates that she engaged in unfair or deceptive acts or practices in the business of insurance in violation of Sections 541.051 and 541.060 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described herein and Defendant's unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim and her failure to fully and promptly pay the Claim after receipt of evidence that her claim decision was improper and monies were owed to Plaintiff on the Claim.

33. Plaintiff submitted evidence from PE Service showing extensive damages clearly covered by the Policy. However, instead of paying the Claim, or offering to compromise the Claim, Defendant merely forward the report to JS Held for review. It is Plaintiff's contention that Defendant forward the PE Service report to JS Held because it was known to Defendant Llaguno that JS Held would merely issue a report which could be used as a basis for maintaining the claim denial. Defendant Llaguno made no effort to reconcile the different opinions between JS Held and

PE Service. Further, Defendant Llaguno did not offer to compromise and make payment for at least a portion of Plaintiff's claimed damages. Further, she did not bring in a third engineer to attempt to reconcile the differing opinions between JS Held and PE Service. Rather, Defendant simply maintained the denial of the Claim. Defendant's conduct constitutes the following unfair insurance practices:

    a. Defendant Llaguno engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 541.060 (1) of the Texas Insurance Code by misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

    b. Defendant Llaguno engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (2) of the Texas Insurance Code by failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear; and,

    c. Defendant Llaguno engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (7) of the Texas Insurance Code by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

34. Defendant's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA. Such conduct was a proximate and producing cause of Plaintiff's damages. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the Texas Insurance Code.

### B. Deceptive Trade Practices Act Violations

35. Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant Llaguno.

36. Plaintiff cooperated with Defendant's investigation of the Claim by responding to

inquiries and making the property available for multiple inspections of the Property by inspectors sent by Defendant. Defendant failed to properly investigate Plaintiff's claim and refused and failed to pay the Claim. Defendant unreasonably relied upon the JS reports as a basis for the denial of benefits owed under the policy while disregarding the opinions of PE Service evidencing a covered loss under the policy. Such enabled Defendant to maintain the wrongful denial of the Claim. By her acts, omissions, failures and conduct that are described in this petition, Defendant Llaguno violated the DTPA in the following respects:

    a. Defendant Llaguno represented to Plaintiff that its insurance policies and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA; and,

    b. Defendant Llaguno engaged in an unconscionable action in that she took advantage of Plaintiff's lack of knowledge, ability and experience in insurance matters to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

37. Defendant's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA. All of the above-described acts, omissions and failures of Defendant were a proximate and producing cause of Plaintiff's damages. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the DTPA.

## X. WAIVER AND ESTOPPEL

38. Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## XI. DAMAGES

39. The above described acts, omissions, failures and conduct of Defendant caused Plaintiff's damages which include, without limitation, the full cost to replace or repair the damaged Property. Plaintiff is also entitled to recover applicable penalties as provided by the Prompt Payment of Claims Act.

## XII. ADDITIONAL DAMAGES

40. Defendants also knowingly and/or intentionally committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and/or intentional misconduct, Plaintiff is entitled to additional damages as authorized by the Texas Insurance Code and DTPA.

## XIII. ATTORNEY'S FEES

41. Plaintiff has been forced to engage the services of the below-signed attorney(s).

42. Plaintiff seeks attorneys' fees for the prosecution of this suit pursuant to Sec. 17.50(c) and (d) of the Texas Business and Commerce Code, Sections 541 and 542 of the Texas Insurance Code and Sec. 38.001 of the Texas Civil Practice & Remedies Code.

## XIV. JURY DEMAND

43. Pursuant to Texas Rule of Civil Procedure 216, Plaintiff respectfully requests that this case be tried before a jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final jury trial, that Plaintiff be allowed damages which are set forth above and which are in the sum in excess of the minimum jurisdiction of this Court, costs of Court, reasonable attorney's fees for the trial and any subsequent appeal of this case, pre-judgment interest at the highest rate permitted by law, post-judgment interest from the date of

judgment until paid at the highest rate permitted by law, those damages authorized by the Texas Insurance Code and the Texas Business and Commerce Code, and for such other and further relief, both at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Robert N. Grisham II*
Robert N. Grisham II
robert@grishamlaw.com
State Bar No. 00792550
William A. Kendall
wk@smith-kendall.com
State Bar No. 24004736
GRISHAM & KENDALL, PLLC
5910 N. Central Expressway
Premier Place - Suite 925
Dallas, Texas 75206
Telephone: (214) 308-2027
Facsimile: (214) 308-2036

**ATTORNEYS FOR PLAINTIFF**

# GRISHAM & KENDALL, PLLC
### ATTORNEYS AT LAW

5910 N. CENTRAL EXPRESSWAY
PREMIER PLACE – SUITE 925
DALLAS, TEXAS 75206

TELEPHONE (214) 308-2027
FACSIMILE (214) 308-2036

Robert N. Grisham, II
William A. "Bill" Kendall, Jr.

19-2813-431

March 26, 2019

Court Clerk
DENTON COUNTY DISTRICT CLERK
1450 East McKinney St.
Denton, Texas 76209-4524

*Via E-File*

Re: *Nicodemus Investments, LLC d/b/a Northstar Dragway v. Aspen American Insurance Company and Deborah Llaguno.*

Dear Clerk:

Enclosed is Plaintiff's Original Petition and Request for Disclosure, which includes a Jury Demand and a Civil Case Information Sheet regarding the above referenced matter. Please issue a citation for the following Defendants:

1. **Aspen American Insurance Company, through its registered agent for service, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218; and**

2. **Deborah Llaguno, 1333 Butterfield Rd., Suite 500, Aurora, IL 60502-8715**

Once the citations are completed, please forward me a copy via email.

Thank you for your attention to this matter. Should you have any questions, please feel free to contact me.

Very truly yours,

*/s/ Robert N. Grisham II*

Robert N. Grisham II

RNG/sb
Enclosures